1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY CLAY KING,<br><br>   Plaintiff,<br><br>  v.<br><br>TENDERLOIN HOUSING CLINIC, INC., et al.<br><br>   Defendants. | Case No. 4:18-cv-05819-KAW<br><br>**SCREENING ORDER REVIEWING PLAINTIFF'S AMENDED COMPLAINT; ORDER TERMINATING MOTIONS AND CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Dkt. Nos. 12, 14, 17 |

On September 21, 2018, Plaintiff Gary Clay King filed this civil action and application to proceed *in forma pauperis*. On October 9, 2018, the Court granted Plaintiff's application to proceed *in forma pauperis*. (Dkt. No. 8.) On October 24 ,2018, Plaintiff filed an amended complaint. (First Am. Compl., "FAC," Dkt. No. 12.) The Court now screens Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915, and, for the reasons set forth below, concludes that the operative complaint is deficient.

## I. LEGAL STANDARD

The *in forma pauperis* statute provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A complaint is frivolous under Section 1915 where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 19987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking).

A complaint may also be dismissed for failure to state a claim, because Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). The complaint, therefore, must allege facts that plausibly establish the defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). When the complaint has been filed by a pro se plaintiff, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)(citations omitted). Upon dismissal, pro se plaintiffs proceeding *in forma pauperis* must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## II. DISCUSSION

As courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting that district courts are "obligated to consider sua sponte whether [they] have subject matter jurisdiction"). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* at § 1331. A cause of action "arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." *Hansen v. Blue Cross of Cal.*, 891 F.2d 1384, 1386 (9th Cir. 1989). A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state." *Id.*

Here, Plaintiff appears to be alleging that his rights were violated by two groups of defendants: 1) the Tenderloin Housing Clinic, Inc., and 2) the San Francisco Police Department

2

and the San Francisco Sheriff's Department.[1] Liberally construed, the first cause of action appears to allege wrongful termination and retaliation against the Tenderloin Housing Clinic, where Plaintiff lived and worked part-time as a tenant organizer. (FAC at 4-5, 10.) The first cause of action also appears to allege disability discrimination, retaliation based on reporting building violations, and conspiracy with law enforcement to unlawfully search and arrest him. The second cause of action appears to allege constitutional claims against the San Francisco Police Department and the San Francisco Sheriff's Department, including unlawful search and seizure pursuant to the Fourth and Fourteenth Amendments. (FAC at 6-9, 11.) Again, liberally construed, these could constitute violations of § 1983. Plaintiff, however, does not identify which facts give rise to these violations in the second cause of action. Thus, Plaintiff has failed to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure.

Accordingly, the Court concludes that the complaint is insufficient to satisfy Section 1915 review.

### III. CONCLUSION

For the reasons set forth above, the allegations in Plaintiff's complaint are insufficient under 28 U.S.C. § 1915(e)(2). Thus, Plaintiff must clearly provide the legal and factual basis for all claims, and must do so by filing a second amended complaint by **March 8, 2019**. If Plaintiff fails to file a second amended complaint by that date, or the second amended complaint fails to cure all defects, the case will be reassigned to a district judge with the report and recommendation that either the complaint be dismissed in whole or in part or the case be dismissed in its entirety.

In amending the complaint, Plaintiff may wish to contact the Federal Pro Bono Project's Help Desk for assistance—a free service for pro se litigants—by calling (415) 782-8982 to make

---

[1] Despite being named as defendants, San Francisco Human Services Agency, UCSF Medical Center, San Francisco General Hospital, St. Luke's Hospital, and GILA Regional Medical Center do not have causes of action alleged against them. (*See* FAC at 2.) These entities should not be named as defendants in the Second Amended Complaint if there are no causes of action alleged against them. Otherwise, Plaintiff must allege sufficient facts regarding each named defendant to state a plausible cause of action against them.

3

an appointment. While the Help Desk does not provide legal representation, a licensed attorney may assist Plaintiff in determining whether there are viable claims, and how to properly plead them.

Plaintiff may also wish to consult a manual the court has adopted to assist pro se litigants in presenting their case. This manual, and other free information for pro se litigants, is available online at: *http://cand.uscourts.gov/proselitigants*.

Additionally, the Court TERMINATES Defendant Tenderloin Housing Clinic's motion to dismiss (Dkt. No. 14) and what the Court construes as Plaintiff's opposition (Dkt. No. 17) on the grounds that they are moot. Lastly, the Court continues the April 9, 2019 case management conference to **June 4, 2019** at 1301 Clay Street, Oakland, California. Case management conference statements are due on or before **May 28, 2019**.

IT IS SO ORDERED.

Dated: February 6, 2019

KANDIS A. WESTMORE
United States Magistrate Judge

4